IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MAX BRAVO,<br><br>   Petitioner,<br><br>  vs.<br><br>HIROMICHI KOBAYASHI,<br><br>   Respondent. | Case No. 20-cv-00124 DKW-WRP<br><br>**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS** |

Petitioner Max Bravo moves pursuant to Section 2241 of Title 28 for a Petition for Writ of Habeas Corpus (Petition), seeking to have the Bureau of Prisons (BOP) re-calculate his prison release date.[1] Specifically, Bravo asserts that he should receive a 9-month credit on his release date for participating in a residential drug abuse program (RDAP) and the BOP should properly credit 121 days of good conduct time (GCT) in calculating his release date. Having reviewed the Petition, the government's opposition, and the material in support of each, the Court concludes that it lacks jurisdiction to consider Bravo's RDAP argument as it concerns an individualized determination of the BOP. As for Bravo's GCT argument, the record reflects that it has not been fully exhausted. In addition, even

---

[1] The BOP has calculated Bravo's release date as September 4, 2020. *See* Dkt. No. 1-4; Dkt. No. 8-1 at ¶ 12.

if some or all of Bravo's arguments could be construed as properly brought, review of the record reflects that the BOP has not improperly calculated Bravo's release date.

## DISCUSSION

### 1. RDAP

The Ninth Circuit Court of Appeals has concluded that "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621…." *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). However, "judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority…." *Id*.

Here, however liberally Bravo's RDAP argument may be construed, it only challenges the BOP's individualized determination that he failed to fully complete the RDAP because, while taking part in the final component of that program, he violated the program's rules by consuming alcohol. While Bravo does not appear to dispute that he committed an "alcohol violation[,]" Dkt. No. 1-1 (*see also* Dkt. Nos. 1-2, 1-3), he appears to assert that he was told that, only if he "violated again[,]" would he lose credit for participating in RDAP. *See* Dkt. No. 1-1. At best, however, that is an argument challenging the BOP's interpretation or execution of its own program, which the Ninth Circuit has explained does not

provide a court with jurisdiction over a Section 2241 petition.  *See Reeb*, 636 F.3d at 1228 ("The BOP's purported violation of its own program statement simply is not a violation of federal law such that the district court would have jurisdiction to review Reeb's claim.").

**2.    GCT**

The Ninth Circuit has also explained that, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).  This requirement, however, is subject to waiver for such things as futility.  *Id*.  The first level of administrative review for an inmate is raising an "issue of concern informally to staff," 28 C.F.R. § 542.13(a), the second level involves submitting a "formal written Administrative Remedy Request" to prison staff, *id*. § 542.14(a), (c), and the next level involves appealing to the appropriate regional director and then to "General Counsel[,]" *id*. § 542.15(a).  Here, the Petition reflects that Bravo completed, at most, the first two steps of the administrative process by submitting his "grievance to the FDC unit team."  Dkt. No. 1 at 3.  Because he does not contend that he attempted to exhaust any further

steps in the administrative process, his argument concerning GCT is unexhausted, and thus, must also be dismissed.[2]

## CONCLUSION

For the reasons set forth herein, the Court DISMISSES the Petition (Dkt. No. 1).[3] The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: September 4, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

[2] The Court acknowledges that, given the imminent scheduled release date for Bravo, requiring exhaustion of his GCT argument could be considered futile. In light of that, the Court notes that, having considered the record before the Court, the argument is meritless. Notably, Bravo has been given full credit for the 121 days of GCT he argues should be credited toward his release date. As the government argues in response, an argument which Bravo has not opposed, Bravo is entitled to a maximum of 54 days of GCT for each year of his 3-year sentence – a total of 162 days. *See* Dkt. No. 8 at 3-4. As Bravo concedes, he was deducted GCT credit for using alcohol while participating in RDAP. *See* Dkt. No. 1-1. The government asserts, without opposition, that this deduction was 41 days of GCT. *See* Dkt. No. 8 at 5. One hundred and sixty-two days minus forty-one equals 121 days of GCT credit – the precise amount Bravo says should be credited. Further, as the government asserts, without any credit, Bravo's release date would be January 3, 2021. *See id*. January 3, 2021 minus 121 days is September 4, 2020 – the same date the BOP has calculated as Bravo's release date. Therefore, the BOP's release date calculation is not improper. Similarly, Bravo's RDAP argument, even if not jurisdictionally barred, is also without merit. Section 550.53(a) of Title 28 of the Code of Federal Regulations provides that, to "successfully complete the RDAP," an inmate must complete *each* of three components, one of which is a community treatment service. Here, the government asserts, to which Bravo does not respond, that Bravo failed to complete the community treatment component of RDAP. *See* Dkt. No. 8 at 4-5; Decl. of Forest Kelly at ¶ 14, Dkt. No. 8-1. As a result, Bravo was not entitled to any credit for failing to complete RDAP. *See* 28 C.F.R. § 550.53(a).

[3] The Court notes that "a COA is not required to appeal the denial of a § 2241 petition filed by a person in federal custody." *Close v. Thomas*, 653 F.3d 970, 974 n.2 (9th Cir. 2011). Therefore, the Court does not address any such matter.